In the Matter of the Application of FRED A. HEALEY, Petitioner, for an Order against JOHN BAZINET, Mayor, and JAMES F. HAYES and Others, Constituting the Board of Public Safety of the City of Glens Falls, Respondents.

Supreme Court, Warren County, January 2, 1942.

*Frank Hurley*, for the petitioner.

*Harry H. Singleton, City Attorney*, for the respondents.

LAWRENCE, J. This is an application under article 78 of the Civil Practice Act for an order directing the reinstatement of petitioner to the police force of the city of Glens Falls, from which, it is claimed, he was unlawfully removed on November 11, 1941. Upon the argument of the motion counsel agreed that the issues were issues of law only and upon that statement an examination of the issues will be made.

Petitioner claims that since July 26, 1935, he has been a patrolman of the police department of Glens Falls; that he was appointed such by resolution of the board of public safety about August 2, 1935, effective July 26, 1935; that he qualified for such appointment by previously passing a civil service examination and was placed on the eligible list from which to choose a patrolman; that on November 11, 1941, he was suspended by the chief of police, such suspension being concurred in by the board of public safety; that this was without notice and without cause and that he demanded reinstatement, which was refused.

Respondents say that he was appointed special policeman from August 2, 1935, to November 11, 1941, and that he was lawfully suspended pursuant to section 75 of the charter of the city of Glens Falls. Respondents say that the petitioner never received a permanent appointment and that rules relating to permanent appointments do not apply to those serving as special policemen.

It will be necessary to consider several provisions of law, and the facts stated in the papers. Section 66 of the charter of the city of Glens Falls (Laws of 1908, chap. 29) gives the board of public safety power to appoint as many permanent policemen as they may deem necessary, not to exceed one for every 1,500 inhabitants, and as vacancies occur to fill such vacancies. Under such section the appointees are to serve during good behavior or until the board shall decide that an appointee is incompetent or inefficient and for such reason cause his removal, after trial. So far as appears from the evidence submitted, that provision was in effect at the time with which we are concerned.

Section 75 of the city charter is headed, " Power to Appoint Special Police." This section provides that the board of public safety shall have power to appoint special policemen who shall hold their office for such period as the board may direct and may be removed at the pleasure of the board, and that upon such appointment these special policemen become vested with all the powers of policemen under the charter and under the statute.

On or about March 26, 1935, the civil service commission of the city of Glens Falls gave notice of a meeting for the examination of candidates for an eligible list, from which might be chosen patrolmen in the police department, prescribing what qualifications they should possess and the ratings to be applied. Apparently this examination was had on April 26, 1935, and about forty-seven persons took the examination, of whom the petitioner was one. Under date of June 7, 1935, the secretary of the city civil service commission addressed a letter to the board of public safety, stating, in substance, that pursuant to request for an eligible list for appointment to the police bureau, thirteen named persons were eligible to appointment, having had a passing mark of seventy-five per cent or more on the examination. The petitioner was one of the thirteen. The letter specifically stated that the names constituted an eligible list but not a certification to the board of names for appointment to the permanent force.

At a regular meeting of the board of public safety, held August 2, 1935, a resolution was adopted appointing petitioner special policeman, the position to begin July 26, 1935, when he started to work, " he to act during the pleasure of the Board." Under

date of August 5, 1935, petitioner made a formal application for appointment as special policeman in which he stated, among other things: " In consideration of an appointment hereunder, I hereby agree to absolve the City of Glens Falls from liability for pay as such policeman except when acting as a member of the regular police force by resolution or order of the Board of Public Safety." Upon this application was indorsed a statement, signed by the members of the board of public safety and directed to the city clerk, as follows: " We do hereby appoint Fred Healey special policeman for the purposes herein mentioned, to serve during the pleasure of the Board, his work to begin as of Glens Falls, New York, August 2nd, 1935."

Under the foregoing arrangement, the petitioner served the city as a police officer from August 2, 1935, to November 11, 1941. It is claimed by the petitioner that he was serving as patrolman and that such position or employment was within the scope of civil service as applied to the city of Glens Falls and that the eligible list applied to the position held by him so that he could not be dismissed but his status entitled him to continued employment under civil service. The respondents claim that civil service did not apply to his employment as special policeman; that the eligible list applied only to appointments as permanent policemen; that there were no vacancies therein; that no examination has ever been held, no eligible list prepared and no certifications ever made by the city civil service commission for appointment to the position of special policeman. The petitioner claims that his duties have been the same as those of a regular policeman; that, as a matter of fact, the provisions of section 66 and section 75 of the city charter do not apply at present because conditions have changed, due to increased population, and are no longer appropriate or possible of application.

The question, therefore, arises as to whether the petitioner held his position in the competitive class of civil service. Numerous cases are cited indicating that where civil service rules apply there may be no summary dismissal. There can be no quarrel with that principle. The question is whether that principle has application in the case at bar. It is well to restate briefly what took place in the order of time. Petitioner took an examination on April 26, 1935; notice of that examination stated that it was to provide an eligible list from which patrolmen in the police force might be chosen. Another notice, dealing with the same examination, stated that it was to try examinations for policemen. These notices were signed by the president of the city civil service commission. Under date of June 7, 1935, the secretary of the com-

mission, as already stated, certified to the board of public safety an eligible list for appointments to the police bureau of the depa ment, with a statement to the effect that the list was not a certification to the board of public safety of names for appointment to the permanent force.

It would seem that while the language employed referred to patrolmen and policemen, the term special policemen was not included, and the respondents insist that there was no intention of including special policemen, and it must be assumed, for the purpose of this application, that the petitioner had no right to expect that his employment was other than that for which he was appointed. It cannot be assumed that the method of procedure by the board of public safety in making appointments as special policemen was a subterfuge to evade the Civil Service Law so long as the charter provision provided the method to be employed.

It is argued with force that the city civil service commission, by advertising an examination and certifying to the board of public safety the names of those on an eligible list, intended to include all classes of policemen. If that should be accepted, then the provisions of chapter 834 of the Laws of 1940 would prevent a summary removal of the petitioner. The difficulty with that position is that this list does not cover the specific class of special policemen and my attention is not called to any statute which would include such a class, and it would seem that the city civil service commission never exercised any jurisdiction over special policemen.

It, therefore, seems that the points of law raised by the answer are well taken in that (a) The petition does not establish that the petitioner occupied a position in the civil service of the city. (b) The name of the petitioner did not appear on any list used for appointments of special policemen. (c) But it appears that the petitioner was appointed special policeman on his application therefor, and the petition and accompanying papers do not specifically show that such position is under civil service.

The petition is dismissed.